**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                              No. 00-4209

JAMES CORNELL SWIFT,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Newport News.
Raymond A. Jackson, District Judge.
(CR-99-13)

Submitted: August 10, 2000

Decided: September 20, 2000

Before MURNAGHAN,* NIEMEYER, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Robert B. Wilson, V, MCDERMOTT, ROE & JONES, Hampton,
Virginia, for Appellant. Helen F. Fahey, United States Attorney, Wil-
liam D. Muhr, Special Assistant United States Attorney, Norfolk, Vir-
ginia, for Appellee.

_____

*Judge Murnaghan was assigned to the panel but did not participate
in the consideration of this case. The opinion is filed by a quorum of the
panel pursuant to 28 U.S.C. § 46(d) (1994).

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

James Cornell Swift was convicted by a jury of being a felon in possession of a firearm and ammunition and of possession of crack cocaine with intent to distribute. On appeal he alleges that the district court erred by denying his: (1) motion to suppress evidence obtained after the police executed a search warrant, without first knocking and announcing themselves; (2) motion to suppress his alleged confession; and (3) motion for acquittal notwithstanding the verdict. For the reasons that follow, we affirm.

First, police encountered the required exigent circumstances necessary to properly execute the search warrant without knocking and announcing their presence; thus, the district court did not err in denying the motion to suppress. See Richards v. Wisconsin, 520 U.S. 385, 391 (1997); United States v. Kennedy, 32 F.3d 876, 882 (4th Cir. 1994). Second, the district court did not err by making the factual finding that Swift voluntarily confessed to ownership of the gun and admitted to distributing cocaine following the administration of the warnings enumerated under Miranda v. Arizona, 384 U.S. 436 (1966). See United States v. Allen, 159 F.3d 832, 838 (4th Cir. 1998) (stating standard of review). Finally, both convictions were supported by sufficient evidence such that the district court properly denied his motion for acquittal notwithstanding the verdict. See Glasser v. United States, 315 U.S. 60, 80 (1942); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir. 1982).

Accordingly, we affirm Swift's convictions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED